**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

XAVIER EDMOND                              CIVIL ACTION NO. 6:20-cv1449,
                                           SEC P

VS.                                        JUDGE JAMES D. CAIN, JR.

JOSHUA HADDAD, ET AL.                      MAGISTRATE JUDGE HANNA

<u>**MEMORANDUM ORDER**</u>

Pro se plaintiff Xavier Edmond, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on November 6, 2020 (rec. doc. 1), and an amended complaint, on proper forms, on February 4, 2021 (rec. doc. 9). Plaintiff is incarcerated at the Lafayette Parish Correctional Center (LPCC) and complains that he was the victim of excessive force perpetrated by Deputy Joshua Haddad. He sues Joshua Haddad and LPCC, praying for monetary damages and to be exonerated "on all charges created from this situation." Rec. Doc. 9, p. 4. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Statement of the Case*

According to the complaint, at 7:05 p.m. on February 14, 2020, plaintiff was let out of his cell for one hour to take care of personal business (shower, use the telephone). He was talking to someone on a cellphone at 7:10 p.m. when a group of deputies came in and told him that it was time to return to his cell. After responding that his hour had just begun, he alleges that Deputy Joshua Haddad punched him in the face, causing him to "react."

Doc. 9, p. 5.  Skylar Long tackled him to the ground and Haddad continued punching him in the face, causing blood to pour out of his right eye.  He was later taken to the hospital where it was determined that he had suffered a fracture and loss of vision in his right eye. He sues Joshua Haddad and LPCC, praying for monetary damages and to be exonerated "on all charges created from this situation."  Rec. Doc. 9, p. 4.

## *Amend Order*

### *1. Improper Party*

Plaintiff has named LPCC as a defendant. However, Fed.R.Civ.P. Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether LPCC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Art. 24.

LPCC is not an entity capable of being sued. LPCC is a parish corrections facility operated by the Sheriff of Lafayette Parish. *Piearson v. Corr. Ctr. Lafayette Parish*, 2006 U.S. Dist. LEXIS 95214, 2006 WL 4012476 (citing La. Atty. Gen. Op. No. 03-0437, 2003 La. AG LEXIS 521, 2003 WL 23146623; *Langley v. City of Monroe*, 582 So.2d 367 (La.App.2d Cir. 1991) and La. R.S.15:702 (The parish governing authority is charged with the duty to provide a good and sufficient jail and to provide for the physical maintenance of parish jails and prisons; however, the administration of such jails is within the province of the sheriff who has the duty of operating the jail and insuring that prisoners are properly

2

cared for, fed and clothed.) Accordingly, plaintiff's claims against this non-juridical entity should be dismissed.

### 2.  .  *Excessive Force*

Plaintiff should amend his complaint to state whether any criminal charges or prison disciplinary charges related to the incident in question were filed, and if so, the status of those charges.  If charges were filed, and if he stands convicted of those charges, plaintiff's suit may be barred by the *Heck* Doctrine. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that dismissal is required when a state prisoner whose conviction or sentence has not been declared invalid seeks damages in a § 1983 suit and a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence);  and *Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir.1996) (holding an excessive-force claim was barred by *Heck* where it would imply the invalidity of a conviction for battery).

Accordingly,

**IT IS ORDERED** that plaintiff amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims plaintiff is unable to cure through amendment.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.  Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3.**

THUS DONE AND SIGNED in Chambers this 3rd day of March, 2021.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**